# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JAMIE KILLIAN,

        Plaintiff,

    v.                                        Case No. 17-C-895

CRAIG E. NICHOLSON, et al.,

        Defendants.

---

## ORDER DENYING MOTION TO DISMISS

---

Plaintiff Jamie Killian, who is representing himself, is proceeding on claims that the staff at Oshkosh Correctional Institution ("OCI") were deliberately indifferent to his medical needs following foot surgery, which resulted in him falling in a non-handicap accessible shower, in violation of his rights under the Eighth Amendment. He is also proceeding on a claim that Defendant Kimberly Haase, a contract employee who was a nurse at OCI, committed medical malpractice when she mis-transcribed his narcotics prescription post-surgery, which caused him to be overdosed on narcotics. He alleges the overdose side-effects he experienced contributed to the fall.[1] Now before the court is Haase's motion to dismiss Killian's medical malpractice claim. ECF No. 22. For the reasons explained below, the motion will be denied.

---

[1] Because Killian alleges both theories of liability for his fall, Killian's state common law claim against Nurse Haase shares a common nucleus of operative facts with his federal deliberate indifference claim, over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331. For this reason, the Court will exercise supplemental jurisdiction over Killian's state common law claim pursuant to 28 U.S.C. § 1367. *See Bailey v. City of Chi.*, 779 F.3d 689, 696 (7th Cir. 2015).

**BACKGROUND**

While awaiting foot surgery to replace a bent plate and broken screws in his left foot, Killian was restricted by his doctor from bearing weight on that foot and was ordered to be placed in a cell with a handicap-accessible shower, which would allow him to shower without placing weight on his left foot. ECF No. 1 at 2. After two weeks of having a handicap-accessible shower, Killian was moved into a cell that was not. *Id*. at 3. Instead, Killian was given a chair to use while in the shower. *Id*. Despite complaints, Killian was not moved. *Id*. While this was occurring, Killian met with a nurse practioner and complained about foot pain. *Id*. at 5. The nurse practioner increased Killian's Vicodin prescription. *Id*. Defendant Haase transcribed the prescription.

On July 21, 2014, Killian eat breakfast, took his pain medication, and went to shower in his non-handicap-accessible shower. Id. at 6. He fell while in the shower and was knocked unconscious. *Id*. He was taken to the hospital and diagnosed with a concussion, a cervical sprain, and contusions on his shoulder, elbow, and foot. *Id*. at 7. During medication rounds on July 26, 2014, another nurse informed Killian that his narcotics prescription had mis-transcribed and he was receiving twice as many pills as he should have been. *Id*. at 9.

Killian brought forth this suit alleging that the deliberate indifference by the jail staff and the medical malpractice by Haase caused him to fall. On January 11, 2018, Haase filed a motion to dismiss the medical malpractice claim against her. ECF No. 22. Haase argues that Chapter 655 of the Wisconsin Statutes provides the exclusive remedy for any medical malpractice claim in Wisconsin. Haase also argues that she is not subject to Chapter 655. Therefore, she asserts that a medical malpractice claim cannot be

brought against her and the claim must be dismissed. The matter has been fully briefed and is ripe for decision.

## LEGAL STANDARDS

A motion to dismiss tests the sufficiency of the complaint to state a claim upon which relief can be granted and does not decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990); *see* Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true and draw all inferences in the light most favorable to the non-moving party. *Guitierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir. 1997); *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991). Rule 8(a)(2) mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ANALYSIS

Haase's motion to dismiss is premised on the assumption that Chapter 655 of the Wisconsin Statutes provides the exclusive remedy for all medical malpractice claims in Wisconsin; therefore, because Haase is not subject to Chapter 655, she cannot be liable for medical malpractice. Haase's assumption is incorrect.

In the 1970s, the Wisconsin legislature enacted Chapter 655 to address the perceived medical malpractice crisis. *Patients Compensation Fund v. Lutheran Hospital-La Crosse*, 223 Wis. 2d 439, 452, 588 N.W.2d 35 (1998). Chapter 655 creates a statutory scheme that established a mandatory amount of primary insurance coverage that health care providers must maintain; it also created a Compensation Fund

that health care providers pay into yearly, which serves as an excess liability insurance carrier. *Id.* In establishing the statutory scheme, the legislature defined who was required to participate—by defining "health care provider."[2] Wis. Stat. §§ 655.01; 655.02. The Wisconsin Supreme Court has explained that "'Chapter 655 constitutes the exclusive procedure and remedy for medical malpractice in Wisconsin' *against health care providers*, as that term is defined in Wis. Stat. § 655.001(8), *and their employees.*" *Phelps v. Physicians Ins. Co. of Wis., Inc.*, 2009 WI 74, ¶ 64, 319 Wis. 2d 1, 768 N.W.2d 615 (citing *Finnegan v. Wis. Patients Comp. Fund*, 2003 WI 98 ¶ 22, 263 Wis. 2d 574, 666 N.W.2d 797) (emphasis added). Therefore, if an individual is a "health care provider" or the employee of a "health care provider," they are subject to Chapter 655, which governs any medical malpractice claim brought against them.

Haase argues that Chapter 655 is the exclusive method to bring a medical malpractice suit in Wisconsin and, therefore, because she is not subject to Chapter 655, she cannot be subject to a medical malpractice lawsuit. Haase's interpretation operates from the assumption that Chapter 655 established a medical malpractice cause of action in Wisconsin and therefore, the *only* way one may bring a medical malpractice claim is through Chapter 655. That assumption is false.

Medical malpractice claims are claims of "negligent medical acts or decisions made in the course of rendering professional medical care." *McEvoy v. Group Health Coop.*, 213 Wis. 2d 507, 530, 570 N.W.2d 397 (1997). Therefore, medical malpractice claims are grounded in Wisconsin negligence

---

[2] A "health care provider" is defined as a "physician or nurse anesthetist," "a partnership comprised of physicians or nurse anesthetists and organized and operated in this state for the purpose of providing the medical services," "a corporation organized and operated . . . for the primary purpose of providing the medical services of physicians or nurse anesthetists," "any organization or enterprise not [previously] specified," "a cooperative health care association," "an ambulatory surgery center," "a hospital," "an entity operated in this state that is an affiliate of a hospital and provides diagnosis or treatment of, or care for, patients of the hospital," and "a nursing home." Wis. Stat. § 655.002.

common law: "*In a medical malpractice claim, like in any negligence claim*, the plaintiff must establish '(1) a breach of (2) a duty owed (3) that results in (4) an injury . . . ." *Estate of Hegarty v. Beauchaine*, 2006 WI App 248, ¶ 153, 297 Wis. 2d 70, 727 N.W.2d 857 (2006) (emphasis added). This conclusion is supported by the history of Chapter 655 clearly shows that Wisconsin legislature was not concerned about creating a cause of action for medical malpractice. Instead, it was concerned about controlling medical malpractice claims and the "'sudden increase in the number of malpractice suits, in the size of awards, and in malpractice insurance premiums.'" *Czapinski v. St. Francis Hosp.*, 236 Wis. 2d 316, 326, 613 N.W.2d 120 (2000) (citing *State ex rel. Strykowski v. Wilkie*, 81 Wis. 2d 491, 509, 261 N.W.2d 434 (1978)). Stated another way, Chapter 655 was created to provide limitations on medical malpractice claims, not to establish it as a cause of action.

Furthermore, there are a number of individuals that Chapter 655 does not apply to. It does not apply to public employees that work for a governmental agency. Wis. Stat. § 655.003. Similarly, there are individuals who may provide medical care but who do not qualify as a "health care provider," like nurses, that would not be subject to Chapter 655 unless their employer was a "health care provider." *Patients Comp. Fund*, 216 Wis. 2d at 56.

Under Haase's interpretation of Chapter 655, an individual would have no remedy for a claim of medical malpractice against any of these individuals. Essentially, Haase is requesting this court to interpret Chapter 655 to eliminate the common law claim of medical malpractice. However, Wisconsin courts appear to have rejected that interpretation. When a defendant is not subject to Chapter 655, Wisconsin courts appear to apply the other statutes that may be applicable, like those applicable to state employees or those applicable to medical malpractice claims generally. *See, e.g.*, *Estate of Radley v. Ives*, 2006 WI

5

App 1274, ¶ 10, 298 Wis. 2d 551, 727 N.W.2d 375 (applying Wis. Stat. § 893.82(3), which governs notice requirements for claims against state defendants, to a medical malpractice claim against three nurses at a state veterans home). Therefore, this Court declines to read Chapter 655 so broadly that it eliminates common law medical malpractice claims against individuals not subject to Chapter 655 without clearer direction from the Wisconsin courts or legislature. *See generally Smith v. Hentz*, No. 15-cv-633-jdp, 2018 WL 1400954, at *3 (W.D. Wis. Mar. 19, 2018). In sum, Haase's assertion that the medical malpractice claim against her must be dismissed because she is not subject to Chapter 655 must be rejected.[3] At the very least, Killian still maintains a common law claim for medical malpractice against Haase.

Lastly, I would like to address *Northern v. Frisk*, which Haase cites as support for interpreting Chapter 655 to preclude claims of medical malpractice against individuals who are not subject to Chapter 655. No. 13-cv-367-jdp, 2017 WL 2589426 (W.D. Wis. June 14, 2017). In *Frisk*, a defendant nurse sought to dismiss medical malpractice claims against her because she was not subject to Chapter 655. *Id*. at *1. Instead of addressing whether a medical malpractice claim could be brought against a defendant not subject to Chapter 655, the plaintiff argued that his claims were more of a general negligence claim, and not a medical malpractice claim. *Id*. Judge Peterson rejected that argument and found that the plaintiff's claims were medical malpractice claims, subject to Chapter 655. *Id.* at *1–2. Judge Peterson then dismissed the medical malpractice claims. *Id*. at *2. However, I find *Frisk* unpersuasive for two reasons. First, it never addressed the merits of whether a medical malpractice claim could be brought

---

[3] Haase was placed at OCI by a temporary professional placement agency and the Court does not have sufficient facts to determine whether Haase was the employee of a "health care provider." However, I do not need to determine that issue to resolve this motion and thus, I do not address that issue.

against a defendant not subject to Chapter 655.  Thus, it is of limited persuasive value.  Second, Judge Peterson has recently revisited the issue in a different case and noted "that [the *Frisk*] decision was based on the briefs and arguments provided by the parties in that case.  It does not necessarily foreclose medical negligence claims brought against nurses employed by the state . . . ."  *Hentz*, 2018 WL 1400954, at *3 (finding a prisoner may bring a medical malpractice claim against a prison nurse based on a common law negligence claim).  Accordingly, I find *Frisk* unpersuasive.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Haase's motion to dismiss (ECF No. 22) is **DENIED**.


Dated this  20th  day of April, 2018.


s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court